2026 IL App (1st) 251021-U

FIRST DISTRICT,
SIXTH DIVISION
June 30, 2026

No. 1-25-1021

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| ANGELA D. BROWN, | ) | |
| | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| | ) | Cook County, Illinois. |
| v. | ) | |
| | ) | No. 2024 L 007853 |
| ANAND VORA, M.D. and ILLINOIS BONE AND | ) | |
| JOINT INSTITUTE, LLC, an Illinois Limited | ) | Honorable |
| Liability Company, | ) | Michael B. Barrett, |
| | ) | Judge Presiding. |
| Defendants-Appellants. | ) | |

_____

JUSTICE GAMRATH delivered the judgment of the court.
Presiding Justice C.A. Walker and Justice Pucinski concurred in the judgment.

**ORDER**

¶ 1    *Held:*  We affirm the grant of plaintiff's section 2-1401 petition where she established due diligence and a meritorious claim.

¶ 2    Plaintiff Angela D. Brown filed an action for medical malpractice against defendants Anand Vora, M.D. and the Illinois Bone and Joint Institute (IBJ). After voluntarily dismissing and refiling the suit in July 2024, Brown and her attorney failed to appear at the first case management conference on September 18, 2024, resulting in dismissal of the complaint for want

of prosecution. Brown discovered the dismissal in late October 2024. In early December 2024, Brown filed a petition to vacate under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2024)), blaming an email address mix-up for her attorney's absence at the initial case management conference. The trial court granted the petition, reinstated the case, and denied defendants' motion to reconsider. Defendants appeal, arguing the trial court abused its discretion in granting the petition. We affirm.

¶ 3                                           I. BACKGROUND

¶ 4        On February 15, 2023, Brown filed a medical malpractice complaint, which she voluntarily dismissed on July 21, 2023. She refiled the action on July 16, 2024, alleging negligent treatment arising from a September 17, 2020 right-ankle surgery that resulted in complications, infection, and additional procedures. Her attorney, Bruce Slivnick, submitted an affidavit stating he was unable to obtain the consultation required by section 2-622 of the Code (735 ILCS 5/2-622(a)(1) (West 2024)) before the statute of limitations expired.

¶ 5        The initial case management conference was set for September 18, 2024. Electronic notice was sent on August 15, 2024 to the email address listed on the refiled complaint. When neither Brown nor Slivnick appeared, the court dismissed the case for want of prosecution.

¶ 6        On December 6, 2024, Brown filed a section 2-1401 petition to vacate the dismissal, supported by Slivnick's affidavit. He averred that he had changed his email address in February 2024 and set up forwarding from his old account, but the forwarding stopped in July 2024 without his knowledge. As a result, notice of the September 18 conference went to his old address, and he was unaware of the hearing. Slivnick further stated that from September through October 2024 he was actively seeking an expert for the section 2-622 report. Brown had undergone another surgery in July 2024, and information from that procedure was needed for a

complete review of the alleged malpractice. At the end of October, while preparing to request an extension for the section 2-622 report, he checked the docket and discovered the September 18 dismissal for want of prosecution.

¶ 7     Brown argued the email error was an excusable mistake and that she acted diligently by moving to vacate approximately 45 days after learning of the dismissal. She also alleged a meritorious claim, asserting the initial surgery failed to correct her ankle condition and caused additional pain, infection, and removal of hardware.

¶ 8     On January 7, 2025, the trial court granted the petition and vacated the dismissal. Although defendants had been served with the section 2-1401 petition, they had not been served with the refiled complaint and did not appear at the hearing.

¶ 9     Defendants moved to reconsider the granting of Brown's section 2-1401 petition, arguing Brown lacked diligence because Slivnick continued using his old email address months after adopting a new one and failed to check the docket when he received no notice of the initial hearing. They also argued Brown's 2024 surgery was irrelevant to whether she had a meritorious claim and is not substitute for a section 2-622 report.

¶ 10     On May 6, 2025, the trial court denied the motion to reconsider. A bystander's report reflects the court's findings that Slivnick listed an outdated email address on the refiled complaint and that the circuit court's longstanding practice is to set initial case management conferences 45 to 60 days after filing. The court found that Brown's 2024 surgery did not justify delaying the section 2-622 report but denied reconsideration "based on considerations of justice and equity." The court ordered Brown to file the section 2-622 report by May 13, 2025, which she did. Defendants appeal.

¶ 11                                    II. ANALYSIS

¶ 12         Section 2-1401 permits relief from final orders and judgments more than 30 days, but less than two years, after their entry. 735 ILCS 5/2-1401 (West 2024). To obtain relief, the petitioner must prove by a preponderance of the evidence: (1) a meritorious defense or claim in the original action; (2) due diligence in pursuing that defense or claim; and (3) due diligence in presenting the section 2-1401 petition. *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 220-21 (1986). The purpose of a section 2-1401 petition is to bring to the circuit court's attention facts that, had they been known when judgment was entered, would have prevented its entry. *Department of Conservation v. Cipriani,* 202 Ill. App. 3d 986, 990 (1990). Where, as here, the petitioner raises a fact-based challenge to the judgment, we review the circuit court's ruling for an abuse of discretion. *Warren County Soil and Water Conservation District v. Walters*, 2015 IL 117783, ¶ 52.

¶ 13         Due diligence requires the petitioner to show that her inaction resulted from an excusable mistake and that she acted reasonably, rather than negligently, in failing to pursue the action. *Salazar v. Wiley Sanders Trucking Co., Inc.*, 216 Ill. App. 3d 863, 871 (1991). There is no bright-line rule for due diligence; instead, it is a reasonableness inquiry based on all surrounding circumstances, including the conduct of the litigants and their attorneys. *Id.*; *Paul v. Gerald Adelman & Associates, Ltd.*, 223 Ill. 2d 85, 99-100 (2006).

¶ 14         Defendants contend the "email snafu" was the product of Slivnick's negligence and carelessness, not an excusable mistake. We disagree. Although Slivnick used an old email address on the refiled complaint, he reasonably believed emails were being forwarded to his new address, as they had been without incident since February 2024. He had no notice that forwarding had stopped. And while Slivnick arguably could have checked the docket sooner, his conduct did not rise to negligence warranting dismissal of Brown's complaint.

¶ 15       Nor was Slivnick sitting idle. He was working to obtain a section 2-622 report in support of Brown's complaint. Once he discovered the dismissal for want of prosecution at the end of October 2024, he filed the section 2-1401 petition approximately 45 days later. Considering all the circumstances, Slivnick's conduct did not amount to "negligence and indifference" (see *Airoom*, 114 Ill. 2d at 225), and he acted diligently both in pursuing Brown's claim and in filing the section 2-1401 petition. See, *e.g., National Experiential, LLC v. 601 W Companies, LLC,* 2023 IL App (1st) 220716-U, ¶¶ 13, 39 (registered agent's failure to forward summonses and filings, coupled with inadvertent transfer of emails to a corrupted folder, constituted an excusable mistake).

¶ 16       Brown also sufficiently pleaded a meritorious claim. To establish a meritorious claim, the petition and supporting affidavit must plead relevant facts supporting the claim. *People ex rel. McGraw v. Mogilles*, 136 Ill. App. 3d 67, 73 (1985). A "cursory recapitulation of the allegations in the complaint" is sufficient; the plaintiff "need not repeat the allegations in [the] complaint to show that [she has] a meritorious claim." *Cruz v. Columbus-Cuneo-Cabrini Medical Center*, 264 Ill. App. 3d 633, 640 (1994).

¶ 17       In her petition, Brown alleged that she had a meritorious claim arising from her failed right-ankle surgery and the resulting pain, infection, and subsequent surgery to remove the hardware placed during the first procedure. Her complaint expands on those facts, alleging that these complications resulted from defendants' failure to properly perform the initial surgery, properly remove or replace the hardware to prevent complications and infection, and timely diagnose and treat her condition. The facts pleaded in Brown's complaint and section 2-1401 petition are sufficient to establish a meritorious claim. See *id.* (plaintiff set forth sufficient facts in first amended complaint and section 2-1401 petition to establish meritorious claim).

¶ 18      Defendants argue that Brown's failure to attach a section 2-622 report to her petition and complaint necessarily defeats any showing of a meritorious claim. We disagree. Under section 2-622 of the Code, a medical malpractice complaint must include an affidavit from the plaintiff's attorney stating that the attorney consulted with a healthcare professional who believes there is reasonable and meritorious cause for filing the action, along with the healthcare professional's written report setting forth the basis for that determination. 735 ILCS 5/2-622(a)(1) (West 2024). Alternatively, the attorney may aver that the required consultation "could not be obtained before the expiration of the statute of limitations," and may file the report within 90 days of filing the complaint. *Id.* §2-622(a)(2).

¶ 19      In 1995, section 2-622(a)(2) was amended to preclude a plaintiff from obtaining the 90-day extension if the plaintiff had previously dismissed the same, or substantially the same, cause of action. *O'Casek v. Children's Home and Aid Society of Illinois*, 229 Ill. 2d 421, 426 (2009). In 1997, however, the amendatory Act that added this limitation was declared void in its entirety. *Id.* After confusion arose over which version of section 2-622 remained in effect, our supreme court held in *O'Casek* that the pre-1995 version controls. Thus, a plaintiff who voluntarily dismisses and refiles an action may still avail herself of the 90-day extension under section 2-622(a)(2). *Id*. at 450. Reliance on *Beauchamp v. Zimmerman,* 359 Ill. App. 3d 143 (2005), is misplaced, as it applied the superseded version of section 2-622 and was overruled by *O'Casek*, 229 Ill. 2d at 438-39, 447. Slivnick's affidavit, attached to Brown's refiled complaint, stated that he could not obtain the required consultation with a healthcare professional before the limitations period expired. That procedure is permitted under section 2-622(a)(2) and *O'Casek* and does not undermine the viability of Brown's claim.

¶ 20    Finally, defendants contend the circuit court abused its discretion by relying on principles of equity and justice in denying their motion to reconsider. But section 2-1401 is grounded in those very principles. See *Glavinskas v. William L. Dawson Nursing Center, Inc.*, 392 Ill. App. 3d 347, 353 (2008) (citing *Paul*, 223 Ill. 2d at 95). It would be fundamentally unfair to dismiss Brown's meritorious claim because of an excusable mistake that was diligently corrected. The court's invocation of equity and justice was reasonable and did not constitute an abuse of discretion.

¶ 21                                    III. CONCLUSION

¶ 22    For the reasons stated, we affirm the judgment of the circuit court of Cook County.

¶ 23    Affirmed.